IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALANE LINTNER,           ) | |
| ) | CIVIL ACTION |
| PLAINTIFF,          ) | FILE NO. |
| ) | Jury Trial Demanded |
| ) | |
| V.                                           ) | |
| ) | |
| PYE BARKER FIRE &         ) | |
| SAFETY, LLC,                    ) | |
| ) | |
| DEFENDANT.            ) | |

**PLAINTIFF ALANE LINTNER'S COMPLAINT**

COMES NOW, Plaintiff Alane Lintner who files her Complaint against Defendant Pye Barker Fire & Safety, LLC. at the following address: 11605 Haynes Bridge Rd., Ste. 350, Alpharetta, GA 30009 (hereafter "Defendant") and alleges as follows:

**I.     Nature of Complaint**

1.

Plaintiff seeks to recover unpaid work time, unpaid overtime, liquidated damages and attorney's fees and costs for all hours worked in excess of 40 hours in a single workweek which lack of payments are alleged violations of the Fair Labor Standards Act, 29 U.S.C. Secs. 203, et. seq. (hereafter "FLSA"). Plaintiff also

seeks recovery for lost wages and liquidated damages for retaliatory discharge in violations of the Family and Medical Leave Act of 1993 (hereafter "FMLA"), 29 U.S.C. § 2601, *et seq.*

## II.   JURISDICTION AND VENUE

2.

This Court has original jurisdiction over cases brought to recover unpaid overtime pursuant to the FLSA which provides, inter alia, that "[a]n action to recover ... may be maintained ... in any Federal or State court of competent jurisdiction," 29 U. S. C. §216(b).

3.

Plaintiff resides at 909 Wedgewood Way, Sandy Springs, GA. 30350, Fulton County, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

4.

Plaintiff has been employed by Defendant from 04/30/2018 to 02/10/2021, at Defendant's place of business at 11605 Haynes Bridge Road, Suite 350, Alpharetta, Georgia 30009, and worked within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

5.

Plaintiff alleges violations of the FLSA in that (1) she was not paid for all time worked, (2) she was not paid overtime for work performed in excess of 40 hours in a single work week during parts of her employment, and alleges that these violations of the FLSA occurred at Defendant's place of business at 11605 Haynes Bridge Road, Suite 350, Alpharetta, Georgia 30009, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

6.

Plaintiff alleges violation of the FMLA in that her employment was terminated in retaliation for her protected activity and/or opposition to illegal activity in violation of the FMLA during parts of her employment at 11605 Haynes Bridge Road, Suite 350, Alpharetta, Georgia 30009, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

7.

A substantial part of the alleged actions and omissions that give rise to Plaintiff's FLSA and FMLA claims against Defendant are alleged to have occurred within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division, such that venue in this Court is proper pursuant to 28 U.S.C. Sec. 1367.

### III.   PARTIES AND FACTS

8.

Plaintiff was employed by Defendant from 04/30/2018 to 02/10/2021, within the meaning of the FLSA, 29 U.S.C. sec. 203(e).

9.

During the dates alleged in paragraph seven of this Complaint, Plaintiff was an employee of Defendant, who was an employer engaged in interstate commerce within the meaning of 29 U.S.C. Sec. 207 (a).

10.

Plaintiff was paid a salary in her positions with Defendant from 02/26/2018 to 02/10/2021.

11.

Plaintiff was not paid overtime in her position(s) with Defendant from 02/26/2018 to 02/10/2021.

12.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff was entitled to overtime pay at a rate of 1 ½ times her Regular Rate of pay for hours in excess of 40 hours in a single work week under the FLSA.

13.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff's Regular Rate of Pay should have included any bonus or performance based compensation in addition to her salary.

14.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff's bonus or performance based compensation in addition to her salary received in addition to her salary additional compensation properly characterized as bonus or performance based compensation which should have been included in her Regular Rate of compensation for purposes of the FLSA if she was not exempt from the overtime provisions of the FLSA.

15.

Even when Plaintiff worked more than forty hours per week from 02/26/2018 to 02/10/2021, Defendant failed to pay Plaintiff for all the time that she worked.

16.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff was instructed by Defendant that she was not entitled to overtime compensation.

17.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff did not sell or offer products to the businesses served by Defendant nor did she negotiate the terms of any contract between Defendant and its customers.

18.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff was paid on a salary basis and did not receive commissions.

19.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff's primary duty was not managing the enterprise or managing a customarily recognized department or subdivision of the enterprise.

20.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff did not customarily and regularly direct the work of at least two other full-time employees or the equivalent.

21.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff did not have the authority to hire or fire other employees or have her suggestions and recommendations regarding the hiring, firing, advancement, promotion, or any other change in status of other employees be given particular weight.

22.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff's position(s) did not require her to have an advanced academic degree in a field directly related to the employee's occupation.

23.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff's position(s) did not require her to have an advanced academic degree in a field directly related to the employee's occupation including a degree in accounting, law, or engineering.

24.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff's position(s) did not require her to perform a primary duty requiring advanced accounting, or legal, or engineering knowledge.

25.

In her job as Senior Accountant (April 2018 – May 2019), Plaintiff's primary job duties included:

- Process semi-monthly payroll;
- Track the administration of benefits;
- Monitor unemployment claims, workers comp claims, disability claims;
- Report all vehicle accidents to insurer;
- Track vehicle fleet;
- Renew all business licenses;
- File business property tax returns;
- Post payroll-related journal entries;
- Post stock transfers of inventory between branch offices; and,
- Post deferrals of inventory purchases for scheduled projects.

26.

In her job as HR Administrator (April 2018 – June 2020), Plaintiff's primary job duties included:

- Process bi-weekly payroll;
- Track the administration of benefits;
- Monitor unemployment claims, workers comp claims, disability claims;
- Report all vehicle accidents to insurer;
- Post payroll-related journal entries;
- Prepare reports for Davis-Bacon wages;
- Process pre-employment background checks and drug tests; and,
- Process wage garnishments and child support orders.

27.

In her job as Payroll Manager (June 2020-February 2021), Plaintiff's primary job duties included:

- Process bi-weekly payroll;
- Monitor unemployment claims, workers comp claims, disability claims;
- Post payroll-related journal entries;
- Prepare reports of Davis-Bacon wages;
- Process wage garnishments and child support orders; and,

- Assisted with implementation of Ceridian Dayforce HRIS system.

28.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff's primary duty was not to exercise discretion and independent judgment of learned professional and Plaintiff was not exempt from the overtime requirements of the FLSA as a learned professional.

29.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff's primary duty was not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employers' customers.

30.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff did not include the exercise of discretion and independent judgment with respect to matters of significance.

31.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff was not exempt from the overtime requirements of the FLSA under the Administrative Exemption.

32.

During her employment from 02/26/2018 to 02/10/2021, Defendant did not accurately record or keep the time Plaintiff actually worked, but instead only ignored the tracking of Plaintiff's actual work time and paid her a set salary for each work week.

33.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff was not exempt from the overtime provisions of the FLSA under the executive, administrative or professional exemptions of the FLSA.

34.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff was instructed by Defendant that she was not entitled to overtime compensation.

35.

During her employment from 02/26/2018 to 02/10/2021, Plaintiff has been denied overtime compensation, even when she worked in excess of forty hours per week.

**COUNT I**
**Violations of the FLSA**

36.

Plaintiff reasserts and re-alleges the allegations set forth above.

37.

At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

38.

The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

39.

Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

40.

Defendant violated the FLSA by failing to pay Plaintiff for overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by Plaintiff.

41.

Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

42.

Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of the fact, that its conduct was prohibited by the FLSA.

43.

Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

44.

As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

45.

Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statute of limitations to be applied to Defendant's violations is a three-year period.

46.

Defendant's failure to pay Plaintiff for all time worked and for additional work after scheduled shifts including reading and responding to e-mails, texts, phone calls and completing other work related paperwork after a scheduled shift, constitutes a violation of the minimum wage provisions of the FLSA.

47.

Defendant failure to pay Plaintiff for all time worked, and its failure to pay Plaintiff for all time worked in excess of forty-hours in a single work week at the proper overtime rate, constitutes a violation of the overtime provisions of the FLSA.

48.

Defendant was aware of its duty to comply with the FLSA during the times of Plaintiff's employment with Defendant.

49.

Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statute of limitations to be applied to Defendant's violations is a three-year period.

**COUNT II**
**FMLA INTERFERENCE AND/OR RETALIATION**

49.

Plaintiff incorporates by reference as if fully restated here, the preceding Paragraphs of Plaintiff's Complaint.

50.

Plaintiff requested FMLA leave for her own personal health condition.

54.

Defendant provided to Plaintiff FMLA request paperwork.

55.

Before Plaintiff had a reasonable time to complete the FMLA paperwork, Defendant terminated her employment.

56.

The reason(s) Defendant provided to Plaintiff for her termination from employment were false.

57.

The reason(s) for her termination provided by Defendant on the Ga. Department of Labor Termination Notice were not the reasons given to Plaintiff for her termination from employment.

58.

Plaintiff had not previously received oral or written disciplinary action regarding the reason(s) Defendant provided to Plaintiff for her termination from employment were false.

59.

The termination of Plaintiff for such reasons without Plaintiff having previously received oral or written disciplinary action regarding the reason(s)

Defendant provided to Plaintiff for her termination from employment constitutes a breach of Defendant's progressive discipline policy.

60.

The termination of Plaintiff for such reasons without Plaintiff having previously received oral or written disciplinary action regarding the reason(s) Defendant provided to Plaintiff for her termination from employment constitutes differential treatment of Plaintiff from other employees who did not request FMLA leave and were not terminated for such alleged conduct.

61.

Plaintiff's employment was terminated in an effort to interfere with her taking FMLA leave.

62.

Plaintiff's employment was terminated in retaliation for her request for FMLA leave.

63.

As a consequence of the termination of Plaintiff's employment in order to interfere with her taking FMLA leave or in retaliation for protected activity in requesting FMLA leave. Plaintiff is entitled to an award of back-wages, front-pay, liquidated damages, and employment benefits, and any damages incurred as the

result of the loss of such insurance coverage, and such other equitable relief as may be appropriate, and an award of attorney's fees and costs.

## PRAYER FOR RELIEF

64.

Wherefore, Plaintiff Alane Lintner requests a jury trial and damages in the form of (1) for violations of the FLSA: unpaid work time in violation of the minimum wage, unpaid overtime, an award of liquidated damages in an equal amount, and an award of attorney's fees and costs, and (2) for FMLA interference and FMLA retaliation: back-wages, front-pay, liquidated damages, and employment benefits, and any damages incurred as the result of the loss of such insurance coverage, and such other equitable relief as may be appropriate, and an award of attorney's fees and costs.

Submitted this  18th  day of May, 2021.

*s/ Donald W. Benson*
Donald W. Benson
Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com
*Counsel for Plaintiff*

## **CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 7.1, the undersigned attorney certifies that this motion was prepared with Time New Roman (14 point), one of the fonts and point selections approved by the Court in Local Rule 5.1C.

*s/ Donald W. Benson*
Donald W. Benson
Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com

*Counsel for Plaintiff*